ShackeleoRD, J.,
delivered the opinion of the Court.
This is an action of replevin, brought by the plaintiff against the defendant, in the Circuit Court of Robertson County, to recover the possession of various articles of personal property. The writ was executed, and the property delivered to plaintiff. The cause was tried by a jury, at the - Term, 1867, of the Circuit Court, and resulted in a verdict for the defendant. The proof is very voluminous, and it is only necessary to state so much of it as will be requisite to understand the principles involved.
P. H. Williams, the brother of the plaintiff, was indebted to her in the sum of $930, evidenced by note, dated June, 1862, due one day after date; the consideration of which was a negro slave, valued at $750, a horse at $75, the balance loaned money. Williams, on the 19th of April, 1865, sold to plaintiff the property replevied, consisting of mules, cattle and household furniture, wheat and pork, for which she executed to him the following receipt, on the back of the note: “Received on the within note $800, in household furniture, *162 farming utensils, wheat, &c., &c., August 19th, 1865.” He executed to her a bill of sale for the property. Williams was in embarrassed circumstances. The plaintiff, having no special use for the property, left it on the place, in the possession of Williams. The plaintiff was in easy circumstances. Williams was living on the farm of the plaintiff, and never set up any claim or title to the property; he used a part of it- for his family, sold some of the cattle, made bacon of the pork hogs, and sold about 800 pounds, and bought groceries for his family, and a part of the wheat. The property not used remained upon the farm until it was seized upon by the defendant, as a constable, to satisfy various executions in his hands against Williams, from whom the plaintiff had purchased the property.
A motion for a new trial and in arrest of judgment, was entered and overruled; to which the plaintiff excepted, and tendered a bill of exceptions, which were signed and sealed by the Judge, and made a part of the record. The signing and sealing the bill of exceptions in this case, was not entered upon the minutes of the Court. An appeal was prayed and granted to this Court.
Several questions have been discussed in argument:
First, It is insisted for the defendant, it not appearing on the minutes of the Court the bill of exceptions was signed and sealed, and made a part of the record, it does not become a part thereof. We do not think so. By the provisions of sec. 2968, of the Code, it is made a part .of the record. That section provides: The truth of the case being fairly stated in *163 tbe bill of exceptions, tbe Judge shall sign tbe same, wbicb, thereupon becomes a part of tbe record in tbe cause. This section is conclusive of tbe question. It is tbe usual formula, to enter upon tbe minutes tbe action of tbe Court, but it is not necessary to do so to make tbe bill of exceptions a part of tbe record.
Second, It is insisted for tbe plaintiff, that part of His Honor’s charge is erroneous in which be instructed tbe jury, if tbe sale was for a fair and adequate con-consideration, yet, if tbe object of tbe plaintiff was to let tbe property remain in tbe possession, and to be controlled by Williams, it would be fraudulent. We think this instruction is erroneous. It is a clear misapplication of tbe principle. Where property is conveyed in trust to secure tbe payment of a debt, and tbe deed contains articles consumable in their use, tbe conveyance is void as to tbe creditors of tbe maker of tbe deed. Tbe rule does not apply where there is an absolute sale of property. If tbe debtor retain possession, it is prima fade fraudulent. Tbe onus of proof is on tbe purchaser, to show that it is fair and bona fide. It cannot alter tbe rule of law, if tbe purchaser, for motives of kindness or affection for a relative, permit tbe property to remain in tbe possession of a debtor. It is sufficient to bold it prima facie fraudulent, and permit tbe purchaser, in tbe contest with tbe creditor, to show it bona fide.
To bold it a fraud per se, would prevent tbe exercise of tbe kind and benevolent feelings of those in prosperous circumstances, to their unfortunate friends and relatives, whom they are willing to assist. If tbe sale *164 is absolute and bona fide, it can make no difference to the creditor what disposition the purchaser makes of the property. No principle of the law has been more clearly and definitely settled than the one under consideration. In the case of Collins vs. Thompson, 3 Yer., 475, the English and American authorities were examined and reviewed, and the principle clearly settled, that, upon the sale of goods absolute, if possession does not accompany and follow the sale, it is prima facie fraudulent; that the onus of proof is on the purchaser, to show the sale was fair and for an adequate consideration. The Court say: “This rule here comports with the understanding and nature of society.” The principles have been re-afiirmed and recognised in repeated decisions of this Court.
Third, We think His Honor erred in that part of his instructions to the jury, in which he stated, if the plaintiff had no use for the property it would be a presumption of fraud. It may, under some circumstances, awaken a suspicion, but it is, of itself, no evidence of fraud. We apprehend no case can be found where it has been held to be fraudulent where a person purchased property for which he had no particular use. Other questions have been discussed; but in the view we have taken of the case, it is unnecessary to express any opinion upon them.
The judgment will be reversed, and the cause remanded.